UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENDOCINO WINE GROUP, LLC, <br><br>　　Plaintiff, <br><br>　v. <br><br> QBE AMERICAS, INC., et al., <br><br>　　Defendants. | Case No. 15-cv-06342-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 39 |

Pending before the Court is a motion to dismiss Plaintiff Mendocino Wine Group, LLC's first amended complaint ("FAC") with prejudice, or in the alternative, to dismiss Defendant QBE Americas, Inc., brought by Defendants Unigard Insurance Company and QBE Americas, Inc. Dkt. No. 39. Having considered Defendants' motion, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). The motion to dismiss the FAC is GRANTED.[1]

**I.　BACKGROUND**

In this insurance coverage dispute, Plaintiff articulates two claims against Defendants for their refusal to defend Plaintiff in *Dolan v. Mendocino Wine Group, LLC*, No. C 13-04114-JCS (the "Underlying Action"): (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Dkt. No. 38 ("FAC").

On August 5, 2016, the Court dismissed Plaintiff's original complaint in its entirety for

---

[1] Plaintiff requests that the Court take judicial notice of the original complaint filed in this action. *See* Dkt. No. 42-1. The Court GRANTS the request to take judicial notice of the complaint, which is a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b).

failure to state a claim. Dkt. No. 37 ("Dismissal Order").[2] In the Dismissal Order, the Court held that Defendants did not have a duty to defend under the Unigard Policy because the facts alleged in the Underlying Action (1) only assert a potential violation of Dolan's right to publicity rather than his right to privacy, thus triggering the Intellectual Property Exclusion and (2) fail to plausibly articulate a defamation claim. *Id.* Accordingly, the Court found that there was no duty to defend, and concluded that Plaintiff failed to state a claim for breach of contract or breach of the covenant of good faith and fair dealing. *Id.* In dismissing the complaint, the Court said that while it "would typically dismiss such claims with prejudice on the basis that amendment would be futile," the Court would permit Plaintiff to amend because Plaintiff's counsel did not represent Plaintiff at the time the original complaint was filed.[3] *Id.* at 12.

Plaintiff filed its FAC on August 26, 2016. Dkt. No. 38. The FAC is substantively similar to the original complaint with one exception — Plaintiff now attaches several newspaper articles (the "Articles") and asserts that the extraneous facts contained in the Articles triggered Defendants' duty to defend. Specifically, Plaintiff contends that the Articles demonstrate that (1) Dolan viewed the use of his mark as potentially disparaging or defamatory and (2) Dolan potentially sought damages for misappropriation that injured his feelings. *See* FAC ¶¶ 17-22, 30-31.

## II.   DISCUSSION

Defendants move to dismiss Plaintiff's FAC because none of the attached Articles "so much as hint that Dolan was seeking damages in the Underlying Action either for defamation or

---

[2] The Court discussed the factual background in detail in the Dismissal Order, and incorporates the unchanged facts and the legal analysis from the Dismissal Order here. In this order, the Court only discusses the facts as necessary to address the new issues raised in the FAC and the renewed motion to dismiss.

[3] A court may dismiss a case at the pleading stage under the circumstances presented here. *See, e.g.*, *Bullpen Distribution, Inc. v. Sentinel Ins. Co.*, 584 F. App'x 769, 771-72 (9th Cir. 2014); *Live Nation, Inc. v. Illinois Nat. Ins. Co.*, 312 F. App'x 898, 899 (9th Cir. 2009); *Purplus Inc. v. Hartford Cas. Ins.*, No. C 12-03689 JSW, 2013 WL 1149768, at *6 (N.D. Cal. Mar. 19, 2013); *see also Aroa Mktg., Inc. v. Hartford Ins. Co. of Midwest*, 198 Cal. App. 4th 781, 784 (Cal. Ct. App. 2011), *as modified* (Aug. 25, 2011). While unpublished Ninth Circuit opinions are not precedent, the Court considers the unpublished decisions cited in this order for their persuasive value. *See* Fed. Rules of Appellate Procedure Rule 32.1; CTA9 Rule 36-3.

1  'hurt feelings' caused by the alleged misappropriation of his likeness, so as to take the claims
2  outside the Intellectual Property Exclusion." Dkt. No. 39 at 5.

### A. Breach of Contract (Claim One)

Having reviewed the FAC and the parties' papers, the Court GRANTS the motion to dismiss Plaintiff's first claim for breach of written contract.

#### i. Misappropriation of Likeness

The Articles do not alter the Court's conclusion that "completely absent" from the Underlying Action "is any suggestion that Dolan sought damages for misappropriation that injured his feelings." *See* Dismissal Order at 8-9.

As an initial matter, several of the Articles were published after the Underlying Action settled, *see* FAC ¶¶ 21-22, and thus could not have triggered a duty to defend as a matter of law. *See CNA Cas. of Cal. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 605 (Cal. Ct. App. 1986) ("An insurer's duty to defend must be analyzed and determined on the basis of any potential liability arising from facts available to the insurer from the complaint or other sources available to it *at the time of the tender of defense*.") (emphasis added). The remaining Articles fail to plausibly suggest that Dolan's misappropriation of likeness claim potentially sought damages for mental anguish or hurt feelings. *See Storek v. Fid. & Guar. Ins. Underwriters, Inc.*, 504 F. Supp. 2d 803, 812 (N.D. Cal. 2007), *aff'd*, 320 F. App'x 508 (9th Cir. 2009) (extrinsic evidence cannot "impose a duty to defend when the underlying lawsuit sets forth neither the facts nor the legal claims necessary to bring the lawsuit within the terms of the policy"). Instead, the Articles report on the Underlying Action and contain quotes from Dolan and his counsel entirely unrelated to Dolan's mental or emotional state.

Accordingly, the Court again holds that Dolan's misappropriation of likeness claim is limited to potential liability for violations of Dolan's right to publicity, which are excluded from coverage under the Intellectual Property Exclusion, and did not give rise to a duty to defend. *See Travelers Prop. Cas. Co. of Am. v. KFx Med. Corp.*, 637 F. App'x 989, 991 (9th Cir. 2016) ("Mere speculation about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date does not create a duty to defend.");

*Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1114 (Cal. Ct. App. 1995) ("An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date.").

        **ii.    Defamation**

The Articles similarly fail to change the Court's conclusion that "nothing about Plaintiff's wine advertisement can be plausibly interpreted as disparaging or defamatory towards Dolan." Dismissal Order at 11.

Although Dolan alleges that Plaintiff continued to publish his name on its wine, advertisement, and websites without authority, nothing in the Underlying Action plausibly suggests "a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made." *See Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (Cal. Ct. App. 2000) (defamation claim requires publication, which "is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made"). As the Court previously held in its Dismissal Order, Plaintiff's alleged attempt to sell its product under Dolan's mark cannot, standing alone, constitute defamation. *See Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 296 (2014) ("a party's attempt to copy or infringe on the intellectual property of another's product does not, without more, constitute disparagement"); *see also Bullpen Distribution, Inc. v. Sentinel Ins. Co.*, 584 F. App'x 769, 771 (9th Cir. 2014). While Plaintiff argues that "Dolan could <u>plausibly</u> not be flattered" by the unpermitted use of his mark, Dkt. No. 42 at 8, the Underlying Action does not conceivably allege anything more than Plaintiff's purported violation of Dolan's right to publicity. Plaintiff's "mere speculation" about the ways Dolan might have amended his complaint cannot trigger Defendants' duty to defend. *See KFx Med. Corp.*, 637 F. App'x at 991; *Storek*, 504 F. Supp. 2d at 812; *Gunderson*, 37 Cal. App. 4th at 1114. The Court holds that the allegations in the Underlying Action fail to potentially articulate a defamation claim and did not trigger a duty to defend.

Because the Underlying Action did not potentially raise claims for defamation or a

violation of Dolan's right to privacy, the Court GRANTS Defendants' motion to dismiss Plaintiff's breach of contract claim.

### B. Breach of the Covenant of Good Faith and Fair Dealing (Claim Two)

The Court also GRANTS the motion to dismiss Plaintiff's second claim for breach of the implied covenant of good faith and fair dealing. Because Plaintiff fails to state a claim for breach of contract, Plaintiff's claim for breach of the covenant of good faith and fair dealing must also be dismissed. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing.").

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss the FAC in its entirety. Because any further amendment would be futile, the Court's dismissal is WITHOUT LEAVE TO AMEND. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The clerk is directed to enter judgment in favor of Defendants and close the case. Both parties shall bear their own costs of suit.

**IT IS SO ORDERED.**

Dated: November 18, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge